Daniel, Judge,
 

 after stating the case as above, proceeded as follows: The proof is satisfactory to us, that the defendant did execute the instrument of writing mentioned, in the bill. But taking the bill of sale and the said instrument together, and all the circumstances which surround the case, and we are of the opinion that they do not constitute a mortgage. It seems to us, that the instrument executed by the defendant, is but an agreement for a resale of the slave Te-ner for the sum of $400, if tlie plaintiff tendered that sum by the month of January, 1823. There is nothing mentioned of a mortgage or money borrowed, in either the bill of sale or the paper writing. There is no proof, that the girl was worth more than the money advanced by the defendant. There is no covenant in the instruments, or out of them, for the repayment of the money to the defendant, in case of the death of the slave, or any • repayment; and there is no evidence that a loan was ever talked of or contemplated between the parties. The slave was immediately delivered to the defendant on the advancement of the money. And it was a long time (upwards of twelve years,) which had elapsed without any mention by the plaintiff, until about two years before he filed his bill, that he had any claim to.the slave, as mortgagor, or in any other way. We are induced to think, from the whole case, that the plaintiff never considered the transaction a mortgage, but only as an agreement for a resale which he had lost the benefit of, by not complying with the terms of it in time.
 
 Vide Poindexter
 
 v.
 
 McCannon
 
 &
 
 Hauser.
 
 1 Dev. Eq. Rep. 373.
 

 We are of ihe opinion that the bill must be dismissed.
 

 Per Curiam. Bill dismissed.